UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2013 SC3 TITLE TRUST<br><br>Plaintiff,<br><br>v.<br><br>JULIE COMINSKY, PAUL COMINSKY, AND ALL OCCUPANTS OF THE PREMISES LOCATED AT 807 HENNESSY RD., YAKIMA, WA 98908,<br><br>Defendants. | NO: 1:17-CV-3098-TOR<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO SUPERIOR COURT |

BEFORE THE COURT are Plaintiff's Motions to Remand to Superior Court (ECF Nos. 6 and 8). These matter were submitted for consideration without oral argument. The Court has reviewed the briefing, and the record and files herein, and is fully informed.

//

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO SUPERIOR COURT ~ 1

## BACKGROUND

In March 2017, Plaintiff US Bank National Association as Legal Title Trustee for Truman 2013 SC3 Title Trust ("US Bank") served its Complaint for Forcible or Unlawful Detainer in Yakima County Superior Court on and against Defendants Paul and Monica Cominsky ("Defendants"), seeking an order issuing a writ of restitution. ECF No. 5 at 9-11. Specifically, US Bank acquired title to real property located at 807 Hennessy Road, Yakima, WA 98908, on December 30, 2016, through a non-judicial foreclosure sale. ECF Nos. 6 at 1; 8 at 1. On June 2, 2017, US Bank scheduled a show cause hearing before the Yakima County Superior Court. ECF Nos. 6 at 2; 8 at 2. However, shortly thereafter, Defendants Julie and Paul Cominsky ("Defendants") filed a Notice of Removal of Case to Federal Court Pursuant to 28 U.S.C. § 1331 and § 1446, which vacated the show cause hearing *See* ECF No. 5.

In their notice of removal, Defendants asserted removal jurisdiction on the basis of a federal question pursuant to 28 U.S.C. § 1441 because US Bank allegedly failed to provide notice under the Tenants at Foreclosure Act, 12 U.S.C. § 5220, and supplemental jurisdiction with respect to any remaining claims, pursuant 28 U.S.C. § 1367. *Id.*

//

//

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO SUPERIOR COURT ~ 2

In the instant motions, US Bank moves to remand this case back to the Yakima County Superior Court.[1] ECF Nos. 6; 8. Plaintiff filed its second motion because it did not serve the first motion at Defendants' correct address. *Compare* ECF Nos. 7 at 3 (incorrectly addressed to 804 Hennessy Road), *with* 9 at 3 (correctly addressed to 807 Hennessey Road).

Because Plaintiff's claim is strictly based upon state law, US Bank asserts that removal based on federal question jurisdiction is improper. ECF Nos. 6 at 3; 8 at 3. Defendants were required to file a responsive memorandum to Plaintiff's second motion (ECF No. 8) by August 8, 2017. *See* LR 7.1(b)(2)(A) (21 days after the mailing of the nondispositive motion). However, Defendants have failed to respond.[2]

//

//

---

[1] US Bank's motions refer to Snohomish County Superior Court. ECF Nos. 6 at 1; 8 at 1. The Court recognizes these are inadvertent errors because US Bank's Complaint was initially filed in and removed from the Yakima County Superior Court. *See* ECF No. 5.

[2] The failure to timely respond may be considered by the Court as "consent to the entry of an Order adverse to the [defaulting] party[.]" LR 7.1(d).

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO SUPERIOR COURT ~ 3

**DISCUSSION**

Title 28 United States Code Section 1441 governs removal of cases from state court to federal court. Generally, a defendant may remove a case to federal court if the federal court would have subject-matter jurisdiction over one or more of the plaintiff's claims pursuant to 28 U.S.C. §§ 1331 (federal question) or 1332 (diversity of citizenship).[3] *See* 28 U.S.C. § 1441(a), (b). "The defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

Under federal question jurisdiction, federal district courts have original jurisdiction over all claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Because a defendant may remove a case only if the claim could have been brought in federal court, 28 U.S.C. § 1441(b), whether a suit arises under federal law is determined by the well-pleaded complaint rule, which provides that federal jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, when federal law creates the cause of action asserted, the case arises under federal law and will allow for

---

[3] US Bank timely moved to remand pursuant to the 30-day period provided for in 28 U.S.C. § 1447(c).

removal under Section 1331. *Gunn v. Minton*, 568 U.S. 251, 133 S.Ct. 1059, 1064 (2013). It is well established, however, that "[a] *defense* that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson,* 478 U.S. 804, 808 (1986) (emphasis added).

Examination of US Bank's Complaint under the well-pleaded complaint rule, *Caterpillar Inc. v. Williams*, 482 U.S. at 392, reveals no federal causes of action. Rather, US Bank's Complaint is solely grounded on Washington state law, *to wit*: RCW 59.12 and RCW 61.24.060. *See* ECF No. 5 at 9-11. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), does not save this action without a viable federal law claim. Moreover, any defense raised by Defendants cannot confer federal jurisdiction. *See Merrell Dow* 478 U.S. at 808. Therefore, Defendants' removal is improper and remand is appropriate.

Further, pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one, and good faith is demonstrated when an individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO SUPERIOR COURT ~ 5

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.  Accordingly, the Court also hereby revokes Defendants' *in forma pauperis* status.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Remand to Superior Court (ECF No. 6) is **DENIED as moot**.

2. Plaintiff's Motion to Remand to Superior Court (ECF No. 8) is **GRANTED**.

2. Defendants' *in forma pauperis* status is **REVOKED.**

3. This matter is **REMANDED** to the Yakima County Superior Court, State of Washington, for all remaining proceedings.

The District Court Executive is directed to enter this Order, provide copies to counsel, mail **a certified copy of this Order** to the Clerk of the Yakima County Superior Court, and **CLOSE** the file.

**DATED** August 25, 2017.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO SUPERIOR COURT ~ 6